OPINION
{¶ 1} Respondent-appellant Richard Channing ("Channing") brings this appeal from the judgment of the Court of Common Pleas of Seneca County granting a stalking protection order to petitioner-appellee Jeff Perkins ("Perkins").
 {¶ 2} On April 7, 2003, Perkins filed a petition for a stalking civil protection order ("CPO") pursuant to R.C. 2903.214. Perkins claimed that On April 1, 2003, he and Joe Natole ("Natole") were driving to Bellevue on his way to work. Perkins claimed that as he came around the corner, Channing made an obscene gesture towards Perkins, which Perkins returned. Channing then raised his rifle and fired over the vehicle. Perkins claimed that he then sped away, but Channing had jumped into his truck and gave chase for approximately 10 miles. Perkins also claimed that Channing had previously threatened to shoot him if he was seen around Channing's property.
 {¶ 3} On April 22, 2003, and May 8, 2003, the trial court held a hearing on both Perkins' CPO petition and a corresponding petition for a CPO filed by Channing. The trial court granted Perkins' petition for a CPO on May 9, 2003. The CPO required Channing to have no contact with Perkins or his property and to turn over all firearms to the sheriff. It is from this judgment that Channing raises the following assignment of error.
The trial court erred in granting [Perkins'] stalking civil protection order against [Channing].
 {¶ 4} The assignment of error alleges that the verdict was against the manifest weight of the evidence.
In considering a manifest-weight claim, "[t]he court, reviewing theentire record, weighs the evidence and all reasonable inferences,considers the credibility of witnesses and determines whether inresolving conflicts in the evidence, the jury clearly lost its way andcreated such a manifest miscarriage of justice that the conviction mustbe reversed and a new trial ordered. The discretionary power to grant anew trial should be exercised only in the exceptional case in which theevidence weighs heavily against conviction."
 State v. Lindsey (2000), 87 Ohio St.3d 479, 483, 721 N.E.2d 995. When witnesses present conflicting testimony, the determination of the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
The fact-finder * * * occupies a superior position in determiningcredibility. The fact-finder can hear and see as well as observe the bodylanguage, evaluate voice inflections, observe hand gestures, perceive theinterplay between the witness and the examiner, and watch the witness'sreaction to exhibits and the like. Determining credibility from a steriletranscript is a Herculean endeavor. A reviewing court must, therefore,accord due deference to the credibility determinations made by thefact-finder.
Id. at 529.
 {¶ 5} To grant a CPO, the evidence must show that the respondent engaged in a pattern of conduct for the purpose of causing another to believe that the offender will cause physical harm to the petitioner or to cause mental distress to the petitioner. R.C. 2903.211 and 2903.214. A pattern of conduct is two or more incidents closely related in time. R.C.2903.211.
 {¶ 6} In this case, Perkins and Natole both testified that they were just driving past Channing's home on their way to Bellevue.[1]
They testified that Channing made an obscene gesture towards them, which Perkins returned. In response, Channing raised his rifle and shot over the vehicle. Perkins attempted to speed away. Channing then got into his truck and gave chase to Perkins' car. Channing admitted to giving chase to the car and admitted to firing the rifle into the air. Perkins' brother, Benny, testified that Channing had threatened to shoot Perkins if he came around Channing's property. Benny also testified that Channing had told Benny that Channing had fired the rifle over the car. Gerry Bowler testified that Channing had told him that he had fired the rifle in the direction of the vehicle. Finally, Perkins testified to an incident on April 13, 2003, where he claims to have seen Channing driving a truck that followed him for a distance.
 {¶ 7} Based upon this testimony the trial court could find that Channing had engaged in a pattern of conduct intended to cause mental distress to the petitioner. The first instance of conduct would be the alleged threat made to Benny that he would shoot Perkins if he saw him around his property. The second instance would be the firing of the rifle. Finally, Channing chased Perkins' vehicle for a good distance before turning off. All of these instances form the pattern of conduct. Thus, the assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment affirmed.
SHAW and CUPP, JJ., concur.
[1] Perkins drives by Channing's home everyday at approximately the same time as that is the most direct route to his place of employment.